Mr. George Hopkins, Executive Director Arkansas Teacher Retirement System
1400 West Third Street Little Rock, Arkansas 72201
Dear Mr. Hopkins:
I am writing in response to your request for an opinion on several questions regarding how the Arkansas Teacher Retirement System (ATRS) treats specific situations involving public higher-educational institutions. I have paraphrased your questions as follows:
In light of A.C.A. §§ 24-7-708 and 24-7-907, is the Board of Trustees of a public higher-education institution authorized to adopt a policy stating that (i) its part-time employees (including student workers) are not eligible for benefits and (ii) that they are not required to enroll in either ATRS or the employer's alternate retirement plan?
All Arkansas public-school employees are mandatory members of ATRS. This is true regardless of whether the public-school employee is employed full-time or part-time. Some part-time public-school employees also work as part-time adjuncts at public higher-education institutions. Some Boards of Trustees at these higher-education institutions have determined that, among other things, these part-time employees are ineligible for university retirement-benefits. Our question is two-fold. First, may a higher-education institution determine that its part-time employees — who are also active ATRS members — are ineligible for university retirement benefits? Second, is a higher-education institution required to (i) report salary and (ii) pay member/employer contributions to ATRS for its part-time employees who are also ATRS members?
Suppose someone is currently receiving retirement benefits from ATRS. If such a person is employed by a higher-education institution, can the institution enroll that person in an alternate retirement plan?
If your answer to Question 3 is "yes," is the higher-education employer required to pay contributions `on the retiree's salary to ATRS?'
RESPONSE
Most of your questions address extremely narrow areas of law and require reference to numerous statutes scattered around the Arkansas Code. Given the nature of the statutes that, together, comprise the ATRS statutes, it is extremely difficult to be definitive in response to most of your questions. In my analysis below, I have struggled to ascertain the General Assembly's intent. While it is my opinion that the analysis below most likely reflects that intent, I must emphasize that legislative clarification is warranted.
The answers to the two sub-parts of your first question differ with reference to vocational-technical schools and universities. The answers depend on which employees are included within the scope of the term "staff members," which is defined differently in the context of universities than in the context of vocational-technical schools. While the statutes are not entirely clear, the statute regarding vo-techs is relatively straightforward. If part-time employees or student workers are "staff members," then subsection 24-7-907(1) requires they be offered either ATRS or the alternate plan; and the answer to both your questions 1(i) and 1(ii) would be "no." Otherwise, the answer to both sub-parts of this question is "yes." With respect to universities, while the statutes are not entirely clear, I believe the answer to both sub-parts of this question is "yes," for the reasons explained below.
Your second question also has two sub-parts. The answer to your first sub-question is probably "yes," for the reasons explained in response to your first question. Your second sub-question itself has two parts. The answer to both sub-parts is "no," in my opinion. As for your third question, I am not aware of any statute prohibiting such action. The answer to your fourth question is "no," in my opinion.
DISCUSSION
Question 1: In light of A.C.A. §§ 24-7-708 and 24-7-907, is the Board of Trustees of a public higher-education institution authorized to adopt a policy stating that (i) its part-time employees (including student workers) are not eligible for benefits and (ii) that they are not required to enroll in either ATRS or the employer's alternate retirement-plan?
Your citations to sections 24-7-708 and 24-7-907 lead me to believe that you are asking about both vocational-technical schools and state-supported colleges and universities. Because the law regarding the two types of institutions is different, I will treat them in turn.
Vocational-technical schools.
The answers to the two sub-parts of your first question as they relate to vo-techs are more clear than the answers as they relate to universities. Subsection 24-7-907(1) requires that all vo-tech "staff members" be included in either ATRS or any alternate plan the vo-tech establishes.[1] The term "staff member" is defined to include all instructors and administrative staff who are eligible for membership in ATRS.[2] Therefore, if an instructor or administrative staffer is eligible for ATRS, and is employed by a vo-tech, then the vo-tech must offer that person membership in ATRS or the alternate plan.
The interpretive problem that arises in addressing your question concerning part-time employees and student workers is whether these persons count as "instructors" or "administrative staff" under subsection 24-7-901(7). Because the statute does not define either term, I cannot definitively opine about whether the part-time employees or student workers count as either of those types of employees. If student workers do count as either of those employees, then subsection 24-7-907(1) requires they be offered either ATRS or the alternate plan. In that case, the answer to both your questions 1(i) and 1(ii) would be "no." If part-time employees and student workers are not within the extension of "staff members," then the answer to both your questions is "yes."
Colleges and Universities
The answers to the two sub-parts of your question as they relate to colleges and universities are slightly different because the relevant statutes use different terminology. The statutes enabling universities to establish their own retirement plans[3] require that if a university has an alternate plan, then all "staff members" employed (or appointed) by the university must participate in either the alternate plan or ATRS.[4] The definition of "staff members" in the context of universities is different from the term's definition in the context of vo-techs. In the context of universities, a "staff member" means "any employee of a college or university who is eligible for membership in any retirement plan."[5] With regard to your first question, therefore, the eligibility of part-time employees or student workers for ATRS or the alternate plan turns on their eligibility for "any retirement plan."
This raises two crucial questions: What does "any retirement plan" under section 24-7-801(6) mean? Assuming we can answer that question, then who is eligible to participate in that plan (or plans)? If we can answer these two questions, then we will be able to give a definitive answer to both sub-parts of your first question. For the reasons explained below, I believe the phrase "any retirement plan" refers to the alternate retirement plan available at the university. Further, I believe that eligibility for a university's alternate retirement plan is determined by the university's policies. Accordingly, if the university's policies indicate that an employee is eligible for membership in the university's alternate retirement plan, then the employee must also be offered membership in ATRS as an alternative to the alternate plan.
There are at least four possible interpretations of the undefined phrase "any retirement plan." The four interpretations are as follows, in order of increasing plausibility:
 Any retirement plan of any kind (e.g. 401ks, 403bs, APERS, ATRS, alternate plan, a local-level retirement plan);
 Any state-wide public retirement plan (e.g. APERS, ATRS);
 ATRS or alternate plan, or both; or
 alternate plan only (i.e. "any [alternate] retirement plan")
In my opinion, the last two options are the most plausible of the four, with the final option likely the most plausible. The first option is least likely the General Assembly's intent because it brings considerations into sections 24-7-801 et seq. that are alien to the ATRS statutes, such as considerations of a person's eligibility for a 401k. For essentially the same reason, the second option is less likely the General Assembly's intent because it brings considerations of APERS into sections 24-7-801 et seq. that are not found in other ATRS statutes.
Of the two remaining options, the final option is, in my opinion, most likely the General Assembly's intent. There are at least two reasons for this interpretation. First, it has the strongest textual basis. As noted above, the phrase "any retirement plan" is not defined in the statute. Nevertheless, in sections 24-7-801 et seq. the phrase "retirement plan" and the term "plan" are virtually always used to refer to the "alternate retirement plan." In contrast, all references to ATRS use the locution "retirement system." Indeed, the definitions found at section 24-7-801 indicate the importance of these subtle shifts in terminology. Subsection 24-7-801(1) defines "alternate retirement plan" to mean "any retirement plan" purchased to provide certain benefits for certain employees of state-supported colleges and universities. In contrast, subsection 24-7-801(5) defines "the retirement system" to mean ATRS. Thus, textually, "any retirement plan" most plausibly refers to the alternate retirement plan offered by the state-supported university in question.
The second reason supporting the view that "any retirement plan" only refers to alternate plans arises from section 24-7-801's amendatory history. As late as 2001, section 24-7-801 defined "staff members" to mean any "teachers and administrative officers of a college who are eligible for membership in the retirement system [i.e. ATRS]."Act 511 of 1991, § 1. Thus, bearing in mind the requirement that all "staff members" must be offered membership in either ATRS or the alternate plan, then, up to 2001, all teachers and administrative officers who were eligible for ATRS had to be offered ATRS or the alternate plan.
Significantly, Act 765 of 2001, § 1 changed the definition of "staff members" to mean "any employee of a college or university who is eligible for membership in any retirement plan." In short, Act 765 clearly changed the definition of "staff member" from those people eligible for the "retirement system" (i.e. ATRS) to those people eligible for membership in "any retirement plan." Thus, the amendatory history indicates that the General Assembly intended to change the definition of "staff member" to those eligible for the alternate plan. In my opinion, the phrase "retirement plan" likely refers to an alternate retirement plan.
In summary, your questions are about which employees of state-supported universities must be offered membership in ATRS. The statutes require that all "staff members" of any state-supported university must be offered membership in ATRS or the university's alternate plan.[6] "Staff member" is defined to mean "any employee of a college or university who is eligible for membership in any retirement plan."[7] In my opinion, the phrase "any retirement plan" probably refers to the university's alternate retirement plan. And we look to the university's policies to delineate who is eligible to participate in that plan. Thus, if university policies indicate that the part-time employees and student workers at issue under your question are eligible for the university's retirement plan, then those employees must be given the option of enrolling in ATRS instead of the alternate plan.
Question 2: All Arkansas public-school employees are mandatory members of ATRS. This is true regardless of whether the public-school employee is employed full-time or part-time. Some part-time public-school employees also work as part-time adjuncts at public higher-education institutions. Some Boards of Trustees at these higher-education institutions have determined that, among other things, these part-time employees are ineligible for university retirement-benefits. Our question is two-fold. First, may a higher-education institution determine that its part-time employees — who are also active ATRS members — are ineligible for university retirement-benefits? Second, is a higher-education institution required to (i) report salary and (ii) pay member/employer contributions to ATRS for its part-time employees who are also ATRS members?
In my opinion, the answer to your first sub-question is probably "yes," for the reasons explained above.
Before responding to your second sub-question, it is important to highlight what you have asked me to assume. Specifically, you have assumed four things:
 the employee of the higher-education institution is part-time;
 the employee is simultaneously employed in another job at another school or agency;
 the employee is an active member (i.e. non-retired member) of ATRS; and
 the higher-education institution has adopted personnel policies that exclude that employee from the university's alternate retirement plan.
With these assumptions in mind, the answer to questions 2(i) and (2ii) is "no." There are two statutes that appear to place a contribution obligation on certain employers, but neither applies in the scenario you have asked me to assume. The first statute is A.C.A. § 24-7-406(c), which requires contributions be paid on "all salary earned in covered employment. . . ." This statute does not apply in the scenario you have asked me to assume because you have assumed the university's policies render the part-time employee ineligible for retirement benefits. And for the reasons explained in response to your first question, a university, in my opinion, is generally able to determine which of its employees are eligible for retirement benefits. A necessary triggering element for the contribution requirement under subsection 24-7-406(c) is that the employee be "in covered employment." For the reasons explained in response to your first question, if the university's policies render the employee ineligible for retirement benefits, then he or she is not "in covered employment."
The second statute that places a contribution requirement is A.C.A. § 24-7-708 (Supp. 2009). As for question 2(i), subsection 24-7-708(b) requires covered employers to report the hiring of an ATRS retirant, not the salary: "Employers covered by the system that hire an employee who meets the conditions under subsection (a)[8] of this section shall report the hiring of the retirant to the system in a time and a manner that the system may reasonably require." (Emphasis added.) "Retirant" is a term of art that means "a member receiving an Arkansas Teacher Retirement System annuity." A.C.A. § 24-7-202(25).
You question 2(i) refers to a covered employer hiring an "active ATRS member" to work in a part-time position. But one of subsection 24-7-708(b)'s triggering elements is that the new employee be a "retirant." The term "retirant" is defined in such a way that it excludes any "active members" of ATRS.[9] Therefore, the precise answer to your question 2(i) is "no." Subsection 24-7-708(b) only requires covered employers to report the hiring of an ATRS retirant, not an active ATRS member.
In my opinion, the answer to your question 2(ii) is also "no," for the same reasons as 2(i). Specifically, your question about whether covered employers must pay contributions to ATRS is premised on the new employee being an "active member" of ATRS. As explained above, just as the notification provision is only triggered when the new employee is a "retirant," the payment provision of subsection 24-7-708(d)(1) is only triggered if the new employee is a "retirant." Subsection 24-7-708(d)(1) states: "For a retired member employed in a position covered by the system, the covered employer shall remit the contributions on all salary paid to the retirant in an amount equal to the employer contribution rate applicable to active members." (Emphasis added.) Therefore, again, the precise answer to your question is "no." Subsection 24-7-708(d) only requires (1) covered employers to pay contributions to ATRS on (2) the salary of an ATRS retirant who (3) works in a position covered by ATRS.[10]
Question 3: Suppose someone is currently receiving retirement benefits from ATRS. If such a person is employed by a higher-education institution, can the institution enroll that person in an alternate retirement plan?
The ATRS statutes seem to contemplate that an ATRS retirant cannot later re-enroll in ATRS and gain additional service credit. See A.C.A. § 27-7-708(c). I am not aware of any similar limitation or permission for ATRS retirants to enroll in a university's alternate retirement plan. Legislative clarification on this point is warranted.
Question 4: If your answer to Question 3 is "yes," is the higher-education employer required to pay contributions on the retiree's salary to ATRS?
No. As noted in response to your second question, a covered employer must pay contributions to ATRS on an ATRS retirant's salary only if the retirant is working in a position covered by ATRS. Under your factual scenario, the retirant is working in a position covered by the alternate plan, not ATRS. Therefore, the covered employer is not required to pay contributions to ATRS, in my opinion.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
Dustin McDaniel Attorney General
DM/RO:cyh
[1] A.C.A. § 24-7-907(1) states: "All staff members shall participate in either the Arkansas Teacher Retirement System or an alternate retirement plan or may participate in both, but participation in both shall be limited to the circumstances described in subdivision (2) of this section."
[2] A.C.A. § 24-7-901(7) states: "`Staff member' means both instructors and administrative staff of a technical institute or postsecondary vocational-technical school and the staff of the Department of Workforce Education who are eligible for membership in the retirement system." The phrase "the retirement system," as used in subsection 24-7-901(7), means ATRS. A.C.A. § 24-7-901(5).
[3] These statutes are found at A.C.A. § 24-7-800 et seq.
[4] A.C.A. § 24-7-807(1) states: "Any staff member employed or appointed by a college or university on or after the establishment of its alternate retirement plan shall participate in the plan or in the Arkansas Teacher Retirement System."
[5] A.C.A. § 24-7-801(6) (emphasis added).
[6] A.C.A. § 24-7-807(1).
[7] A.C.A. § 24-7-801(6).
[8] Subsection (a) establishes two broad ways in which someone can "meet the conditions under subsection (a)": Effective July 1, 2009, after terminating employment under § 24-7-502 or reaching the age of normal retirement, a retirant may:(1) Accept employment with an employer covered by the Arkansas Teacher Retirement System without a limitation of his or her retirement annuity; and(2) Continue to receive his or her monthly retirement annuity.
[9] "Active members" is specifically defined in A.C.A. § 24-7-202(2): "`Active member' means any member rendering service to an employer that is covered by the Arkansas Teacher Retirement System." It is clear that a "retirant" is a non-active member by analyzing two definitions. First, a "retirant" is a member receiving an Arkansas Teacher Retirement System annuity." A.C.A. § 24-7-202(25). Second, because a retirant is simply someone who retires, the definition of "retires" is relevant: "`Retires' means that a member ceases to be active and is eligible to receive retirement benefits from the Arkansas Teacher Retirement System." A.C.A. § 24-7-202(26) (emphasis added).
[10] For an analysis of whether the higher-education position is "covered by the system," see my responses to your first and second questions.